IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. VENTURES LC, WINSOME INVESTMENT TRUST, and the assets of ROBERT J. ANDRES and ROBERT L. HOLLOWAY,<br><br>                Plaintiff,<br><br>v.<br><br>CONNIE C. PATTERSON,<br><br>                Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:11-CV-00723-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court is a Motion for Judgment on the Pleadings[2] filed by R. Wayne Klein, the Court-Appointed Receiver ("Receiver") of U.S. Ventures LC ("U.S. Ventures"), Winsome Investment Trust ("Winsome"), and the assets of Robert J. Andres and Robert L. Holloway (collectively, "Receivership Defendants"). The Court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 18.

[2] *See* docket no. 29.

As a preliminary matter, the Court notes that Connie C. Patterson ("Defendant") is proceeding pro se in this case. Accordingly, the Court will construe her pleadings and other filings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

The Receiver alleges that Defendant was an employee of Winsome, an organization operating a Ponzi scheme.[3] "Winsome described itself as a private trust and solicited individuals and entities to send funds for participation in a commodity futures pool."[4] From October 2005 through April 2007, "Winsome lured over $42 million from investors, most of which was procured by third-party marketers in exchange for compensation."[5] According to the Receiver, the Defendant was such a third-party marketer and "assisted Winsome in operating this Ponzi scheme . . . [by] solicit[ing] others to invest in Winsome and US Ventures in return for commissions or a percentage of the supposed profits investors were reported to have earned."[6] The Receiver contends that, between December 2005 and November 2008, Defendant received "at least thirty-seven payments from Winsome totaling at least $1,000,762.54."[7]

On January 24, 2011, the Commodity Futures Trading Commission ("CFTC") filed a Complaint against Winsome and the other Receivership Defendants.[8] As a practical move, the CFTC prompted the Court to "appoint a Receiver to take control of the assets of [the] Receivership Defendants, gather the assets of the Receivership Defendants, and distribute any funds obtained under the Court's supervision[.] . . . [T]he Court granted the CFTC's motion and

---

[3] *See* docket no. 30.

[4] *Id.* at 2.

[5] *Id.* at 2–3.

[6] *Id.* at 3.

[7] *Id.*

[8] *See* docket no. 1 at 2; *see also U.S. Commodity Futures Trading Commission v. U.S. Ventures*, No. 2:11-cv-00099-BSJ.

placed . . . the Receivership Defendants[ ] under the control of the Receiver."[9]  The Receiver brought the present action "as part of his continuing duty to: (i) recapture and return investor funds . . . and (ii) avoid fraudulent transfers, seek a constructive trust, and obtain other provisional remedies and recover damages."[10]

On March 12, 2012, the Receiver filed the motion before the court.[11]  By reason of the facts set forth above, the Receiver requests judgment against Defendant "for an amount equal to all payments received by her from Winsome or its related companies."[12]  In response, Defendant filed numerous "Non-Negotiable Notice of Acceptance" pleadings, which the Court construes as a response to the Receiver's Motion for Judgment on the Pleadings.[13]

## ANALYSIS

In ruling on a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, courts apply the same standard as in a motion to dismiss under Rule 12(b)(6).  *See Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528-29 (10th Cir. 1992).  The Court, therefore, accepts all well-pleaded facts by the non-moving party as true and draws all reasonable inferences from those facts in favor of the same.  *See Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).  "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."  *Id.* (quotations and citation omitted).

---

[9] Docket no. 30 at 4.

[10] Docket no. 1 at 2–3.

[11] *See* docket no. 29.

[12] Docket no. 30 at 9.

[13] *See* docket nos. 31, 34–41, and 45–49.

The Receiver contends that he is entitled to judgment as a matter of law because under the Uniform Fraudulent Transfers Act ("UFTA"), *see* Utah Code Ann. §§ 25-6-1 to -14, "Winsom's operation of a Ponzi scheme presumptively establishes the fraudulent nature of the transfers and [Defendant] is precluded from rebutting this presumption because . . . she did not provide reasonably equivalent value for luring new investors to participate in the Ponzi scheme."[14]  The UFTA specifies that a transfer is fraudulent if "the debtor made the transfer or incurred the obligation: (a) with actual intent to hinder, delay, or defraud any creditor of the debtor; or (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation. . . ."  Utah Code Ann. § 25-6-5(1)(a), (b).

In the present case, the Receiver asserts that because "it is undisputed that Winsome operated a Ponzi scheme[,] . . . the transfers made to [Defendant] were made with fraudulent intent."[15]  *See e.g., S.E.C. v. Madison Real Estate Grp, L.L.C.*, 647 F. Supp. 2d 1271, 1279 (D. Utah 2009) ("Under the UFTA, a debtor's actual intent to hinder, delay, or defraud is conclusively established by proving that the debtor operated as a Ponzi scheme." (citation omitted)).  Once actual intent to defraud on the part of the transferor is established, Defendant may assert an affirmative defense by showing that she "took payments from [Winsome] in good faith and for reasonably equivalent value."  *Wing v. Apex Holding Co.*, No. 2:09-CV-00022, 2006 WL 22843343, at *6 (D. Utah Aug. 27, 2009).  The Receiver attests that "[i]n this case, [Defendant] cannot demonstrate that she provided a reasonably equivalent value for the transfers she received from Winsome."[16]  After carefully considering the Receiver's motion, this Court

---

[14] Docket no. 30 at 7.

[15] *Id.* at 8.

[16] *Id.*

finds that the Receiver has sufficiently pleaded the existence of a Ponzi scheme and, therefore, established the inference of fraudulent intent on behalf of Defendant.

To date, Defendant has not asserted a valid affirmative defense for the allegations against her. Defendant has filed a series of unusual pleadings entitled "Non-Negotiable Notice of Acceptance," in which she states:

> PLEASE TAKE NOTICE that I, Connie Clair Patterson, sentient moral being, accept for value your Presentment . . . and return for value you [sic] offer, herein attached, to you. I indicate my acceptance of your offer by my signature and date. I do not argue the facts. I request you issue the Order of the Court to me immediately. I request you close the Account. I request that all Public Charges be set-off and adjusted by the exemption in accord with UCC-3-419, House Joint Resolution (HJR) 192 & Public Law 73-10. I request discharge. Please respond within three (3) days from the date you receive this NON-NEGOTIABLE NOTICE OF ACCEPTANCE. Dishonor may result if you fail to respond.[17]

Defendant, receiving no response from the Court within the specified three-day period, further filed several "Notice of Dishonor" and "Certificate of Dishonor" pleadings, indicating Defendant would be looking to the Court for payment or performance.[18] As previously noted, Defendant is proceeding pro se in this case. As such, the Court has a responsibility to give a liberal construction to her pleadings and other submissions. *See Ledbetter*, 318 F.3d at 1187. However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court deems Defendant's UCC-related argument as vacuous and without effect. The commercial law concepts employed by Defendant are for commercial transactions and have no

---

[17] *See* docket nos.11–13, 19, 20, 22, 24, 26, 31, 34–39, 45, 46, 49. Further, Article 3 of the Uniform Commercial Code defines the scope of the contractual obligations undertaken by parties to a negotiable instrument. A negotiable instrument "means an unconditional promise or order to pay a fix amount of money." U.C.C. § 3-104. Section 3-419 refers to negotiable instruments that may be signed by an accommodating party for the purpose of incurring liability on the instrument. *See* U.C.C. § 3-419(a).

[18] *See* docket nos. 6, 21, 23–27, 31, 34, 36, 37, 39–41, 45–49.

applicability to the current issue.  Even if the Court were to consider Defendant's "Notice of Acceptance" pleadings, they contain no information relevant to the pending motion.  In fact, Defendant states in all her "Notice of Acceptance" pleadings that she "do[es] not argue the facts."[19]  Hence, Defendant has essentially conceded that the Receiver's statement of facts are undisputed and she has failed to file an appropriate response to the motion for judgment on the pleadings.  As such, the Court finds that the Receiver "has clearly established that no material issue of fact remains to be resolved."  *Park Univ. Enters., Inc.*, 442 F.3d at 1244 (quotations and citation omitted).  Accordingly, it is recommended that the Receiver's motion for judgment on the pleadings be **GRANTED.**

## CONCLUSION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that the Receiver's motion for judgment on the pleadings be **GRANTED.**  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it.  *See id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 21st day of December, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[19] *See* docket nos.11–13, 19, 20, 22, 24, 26, 31, 34–39, 45, 46, 49.