IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN,<br><br>          Plaintiff,<br><br>v.<br><br>CONNIE C. PATTERSON,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:11-cv-723-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

The Commodity Futures Trading Commission filed a Complaint against U.S. Ventures LC, Winsome Investment Trust, Robert J. Andres, and Robert L. Holloway on January 11, 2011 due to an alleged Ponzi scheme. The court appointed R. Wayne Klein as a Receiver to recoup investor funds. Mr. Klein has since filed a number of ancillary cases to avoid fraudulent transfers in his effort to recoup funds. This case against defendant Connie C. Patterson is one of the ancillary cases.

## FACTUAL BACKGROUND

On July 16, 2013, the court entered "judgment against Ms. Patterson in the amount of $1,472,425.96, together with prejudgment interest calculated from the time of the respective fraudulent transfers to Ms. Patterson until entry of [its July 16th] order." Order, 2 (Dkt. No. 82). It then ordered Mr. Klein to "submit briefing on the prejudgment interest calculation." *Id.* Mr. Klein complied with the court's order, but the briefing requested compounded interest and had calculation errors within it. Accordingly, the court issued a Notice of Hearing to hear oral argument on the appropriate interest calculation. *See* Notice of Hearing (Dkt. No. 85).

During the hearing, counsel for Mr. Klein argued that the 10% prejudgment interest rate under section 15-1-1(2) of the Utah Code should apply because the section applies not just to contracts, but more broadly to a chose in action. The court accepted that argument and awarded 10% prejudgment interest. Following the hearing, however, the court reviewed the statute again and determined that the statute's language is not susceptible to the interpretation offered by Mr. Klein's counsel. It therefore vacated its prior ruling and took the matter under advisement. *See* Docket Text Order (Dkt. No. 97).

## ANALYSIS

Section 15-1-1 of the Utah Code states, "[u]nless parties to a lawful contract specify a different rate of interest, the legal rate of interest for the loan or forbearance of any money, goods, or chose in action shall be 10% per annum." Utah Code Ann. § 15-1-1(2) (2013). While the statute does refer to a "chose in action," it does so within the context of "a lawful contract." *Id.* A fraudulent transfer does not fall under the realm of contract law. The court therefore concludes that section 15-1-1(2) is inapplicable. Moreover, neither Utah statute nor federal law specifies the appropriate rate of prejudgment interest for a fraudulent transfer case. *See Wing v. Gillis*, No. 12-4071, 2013 U.S. App. LEXIS 10174, at *16 (10th Cir. May 21, 2013). Consequently, the prejudgment interest "calculation rests firmly within the sound discretion of the trial court." *Id.* (citation omitted).

In *Wing*, the Tenth Circuit stated that "[u]nder fairness and equity principles, prejudgment interest was proper." *Id.* at *15 (citation omitted). This is so because "the award of prejudgement interest compensates for the loss of use of the money" and avoids "'a windfall [to the defendant] in the form of an interest-free loan.'" *Id.* (quoting *William A. Graham Co. v. Haughey*, 646 F.3d 138,

145 (3d Cir. 2011)). The Court then affirmed a 5% per annum prejudgment interest rate.

The court finds the analysis in *Wing* persuasive with respect to the proper interest rate and hereby adopts that rate of interest here. The court concludes, however, the 5% interest shall be calculated based upon a simple interest rate and not a compound interest rate.

## CONCLUSION and ORDER

For the reasons stated above, the court awards prejudgment interest at a 5% per annum simple interest rate. On or before **October 11, 2013**, Mr. Klein shall submit revised briefing on the prejudgment interest calculation that conforms with this order, together with a proposed form of judgment.

DATED this 30th day of September, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge